USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/9/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIANA HARDY AND MARK MCKOY,

                Plaintiffs,

-against-

ROBERT BAIRD, JOHN RODEN, KELLI MCVEA, PETER CIRIGLIANO, AND JOHN DOE(S) #1-10,

                Defendants.

No. 13-cv-7402 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Before the Court is Defendants' motion for partial reconsideration of this Court's May 10, 2016 Opinion and Order[1] (Docket No. 63 or the "Motion for Summary Judgment Opinion"). Familiarity with the Motion for Summary Judgment Opinion is assumed.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga*

---

[1] Although Defendants move for reconsideration of this Court's "May 11, 2016 Opinion & Order," (*see* Docket Nos. 64, 65, 70), the Court construes this motion as one requesting reconsideration of its May 10, 2016 Opinion and Order. The Court is not aware of any Opinion and/or Order issued on May 11, 2016.

*Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and quotation marks omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). Such motions "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation marks omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

### I.   The Strip Search of Hardy

First, Defendants challenge the Court's denial of summary judgment with respect to the strip search performed on Hardy. Defendants argue that the Court overlooked the fact that Hardy consented to the strip search in question. In support of their argument, Defendants direct the Court to a single sentence in their Reply Memorandum of Law (Docket No. 62 at 8), which in turn cites to deposition testimony provided by Hardy. The testimony reads as follows:

> Q: After the van was searched, what happened next?
>
> A [Hardy]: They came back to the - - Officer Baird came to his vehicle and the other officer went to his vehicle and that's when he said to me we're going to go down to the station and have you strip searched. *I said that's fine* and we drove off.
>
> Q: He told you in the car you were going to be strip searched when you got to the station?

    A [Hardy]: Yes.

(Pls.' Opp., Docket No. 49, Ex. A at 37) (emphasis added.)

    Although Defendants argue that this testimony establishes Hardy consented to the search, the Court disagrees. "Consent to search is 'not to be lightly inferred' and must be 'unequivocal, specific, and intelligently given.'" *United States v. Chisholm*, No. 07-CR-795NGGMDG, 2009 WL 29313, at *4 (E.D.N.Y. Jan. 5, 2009) (quoting *United States v. Como*, 340 F.2d 891, 893 (2d Cir. 1965) (internal citation omitted)). At best, Hardy's purported consent is an ambiguous response to a compound statement. Based on this testimony, it is simply impossible for the Court to determine as a matter of law whether Hardy said it was "fine" to return to the station or to conduct the strip search, or to do both.[2] Moreover, the lack of attention given to Hardy's purported consent – a single sentence in Defendants' reply brief to the motion for summary judgment – further bespeaks the lack of clarity with regard to her testimony. If Hardy had clearly consented to the strip search, there is little doubt Defendants would have raised this argument in their initial moving papers.

---

[2] Defendants raise for the first time on Reply that Hardy testified to her consent a second time during her deposition. Hardy was asked to recount what McVea said to her prior to the strip search. The relevant testimony is as follows:

    Q: What did she [McVea] say to you?

    A [Hardy]: I'm going to take you to the bathroom and we're going to strip search you and I said okay and they unhandcuffed me from the wall and took me to the back bathroom.

(Reply Mot. for Reconsideration at 1) (citing Pls.' Opp., Docket No. 49, Ex. A at 39). Notwithstanding the fact that courts will not normally consider arguments raised for the first time in a reply brief, *see United States v. Gigante*, 39 F.3d 42, 50 n.2 (2d Cir. 1994) (citing *Keefe on Behalf of Keefe v. Shalala*, 71 F.3d 1060, 1066 (2d Cir. 1995)), Hardy's purported consent in this second statement suffers from similar ambiguities to her initial statement and the jury should be given the opportunity to decide whether it was unequivocal, specific, and intelligently given.

This does not foreclose the possibility that Hardy consented to the strip search. But it is for the jury to decide whether Hardy's purported consent was unequivocal, specific, and intelligently given.

## II.     The Pat Frisks of Hardy

Next, Defendants challenge the Court's denial of summary judgement with respect to the failure to intervene claim brought against Roden arising out of Baird's pat frisks of Hardy. Defendants argue that there is no evidence demonstrating that Roden was aware of any constitutional violations relating to the alleged pat frisks, and he thus had no obligation to intervene. Defendants' argument is unavailing.

In their motion for summary judgment, Defendants asserted that "Roden did not take part in any pat frisks of Hardy," (Defs.' Mot., Docket No. 41, at 15), and "[w]hile [Roden] did not witness the entire interaction between Trooper Baird and Hardy on the side of the road, after determining that she was in possession of prescription pills in an unmarked prescription pill bottle, it was objectively reasonable for him to believe that Trooper Baird's pre-arrest pat frisk of Hardy did not violate her constitutional rights." (*Id.* at 21.) Implicit in these statements is the concession that Roden was present during, and witnessed at least part of, the interaction between Baird and Hardy. This concession, when combined with the fact that Defendants did not seek summary judgment on the pat frisk claim – which they specifically note on reconsideration "arguably present[s] disputed issues of fact," (Mot. for Reconsideration at 2), – requires the Court to permit this claim to proceed to trial. Simply put, Defendants have not presented sufficient evidence for the Court to conclude as a matter of law that it would have been objectively reasonable for Roden to believe that Baird was not violating Hardy's constitutional rights.

4

### III.  Defendants' Request for Clarification

The Court noted the following in the Motion for Summary Judgment Opinion:

- "Defendants move for summary judgment on the strip and cavity searches, *but do not appear to seek summary judgment on the portions of Plaintiffs' claims arising out of Defendants' pat downs of Hardy* or their purported forcing of Plaintiffs to urinate and/or defecate in their presence." (Motion for Summary Judgment Opinion at 6) (emphasis added.)

- "Defendants have not, however, moved for summary judgment on the portion of Plaintiffs' claims arising out of Baird's pat downs of Hardy." (*Id.* at 25.)

Defendants now seek clarification that these statements do not "allow[] a claim that *any* pat-frisk was a constitutional violation under the circumstances presented." (Mot. for Reconsideration at 2) (emphasis in original.)

Plaintiffs' claim arising out of the pat frisks alleges that "Baird's two 'pat downs' of Ms. Hardy were improperly performed, and went far beyond any legitimate safety purpose . . . ." (AC ¶ 184.)  Plaintiffs further elaborate that the pat downs or frisks were unconstitutional because they were "sexualized" and "invasive." (*See id.* ¶¶ 37-39.)  Defendants concede that they did not move for summary judgment on this claim. (Mot. for Reconsideration at 2.)

Plaintiffs do not allege that performing any type of pat frisk in these circumstances was unconstitutional; instead, they allege that the pat frisks as performed were improper and therefore unconstitutional.  The Court is puzzled how its Motion for Summary Judgment Opinion could be construed to expand the allegations pled by Plaintiffs, but in any event, Plaintiffs are limited to advancing only those claims pled in the Amended Complaint.[3]

---

[3] Defendants also argue for the first time on Reply that they should have been granted qualified immunity with respect to the purportedly consented-to strip search of Hardy and the failure to intervene claim asserted against Roden.  Notwithstanding the fact that Plaintiffs did not have an opportunity to respond to these arguments, which alone would permit the Court to disregard them, questions of material fact still predominate such that the Court cannot determine whether Defendants would be entitled to qualified immunity on these claims.  (*See* Motion for Summary Judgment Opinion at 30.)

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at Docket No. 64. The parties are directed to appear for the previously scheduled status conference on September 8, 2016 at 2:00 p.m.

Dated: June 9, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge